IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Edith Palos, § | | |
| Plaintiff, § | | |
| § | | |
| § | | |
| v. § | Civil Action No._____ | |
| § | | |
| § | | |
| University of Texas Health § | | |
| Science Center at Houston, § | | |
| Defendant, § | Plaintiff Demands Trial By Jury | |

PLAINTIFF'S ORIGINAL COMPLAINT

A. Parties

1.  Plaintiff, Edith Palos ("Palos"), is an individual and a citizen of the State of Texas.

2.  Defendant, University of Texas Health Science Center at Houston ("UTHSCH"), is an entity within the executive branch of the State of Texas. Defendant which has its principal place of business in Harris County, Texas. Defendant may be served with process by serving its president, Larry Kaiser, M.D., at 7000 Fannin St., Houston, Texas, 77030.

B. Jurisdiction

1.  The court has jurisdiction over the lawsuit pursuant to Title 28 § 1331, because the action arises under a federal question.
2.  This is a retaliation and discrimination claim arising under 42 U.S.C. §2000e et seq., and 42 U.S.C. §12112(a).

1

### C. Venue

Venue is proper in this district because it was within this District that the parties are situated and the events complained of occurred.

### D. Exhaustion of Administrative Procedures

Plaintiff timely filed a charge of discrimination against defendant with the Equal Employment Opportunity Commission (EEOC). Plaintiff files this complaint within 90 days of receiving a notice of the right to sue from the EEOC. A copy of the notice of the right to sue is attached as Exhibit A.

### E. Count 1 – Discrimination Under Title VII

1.      Plaintiff was at all times material to this action, an employee of Defendant within the meaning of Title VII and belongs to classes protected under the statute, namely employees protected from race, sex and disability discrimination.

2.      Defendant is an employer within the meaning of Title VII.

3.      Defendant intentionally discriminated against plaintiff because of her race in violation of Title VII, and by failing to respond to her complaints of sexual and racial harassment creating a hostile work environment. The conduct, in the form of physical gestures and verbal remarks, unreasonably interfered with plaintiff's work and work performance. Furthermore, defendant summarily dismissed Ms. Palos from her position as Senior Support Specialist, acting  willfully to diascriminate and illegally retaliate against Plaintiff.

4.      Plaintiff became disabled and as diagnosed by a healthcare provider employed by Defendant was disabled and unable to work performing the normal duties of her employment.

5.      When her disability continued to keep her from performing the duties of her job without available and provided accommodation as provided under 42 U.S.C. §12112(5)(A), she applied for and received relief under "FMLA".

6.      Upon exhaustion of the release time provided by FMLA, Palos was subjected to retaliation for having sought FMLA  protection and/or because she opposed Mena's misbehavior.

## F. Count 2 – Retaliation Under Title VII

1. Defendant has retaliated against plaintiff on the basis of her opposing what she believed to be a violation of anti discrimination in employment laws of the United States of America.

2. As a result of the retaliatory act, Plaintiff suffered economic and non-economic damages.

3. Defendant's acts of retaliation were willfully performed with malice, willfulness, and reckless indifference to plaintiff's protected civil rights.

## G. Damages

1. As a direct result of the defendant's conduct, plaintiff suffered the following injuries and damages.

   a. Plaintiff was discharged from employment with defendant. Although plaintiff has diligently sought other employment, she has been unable to find a job at comparable pay. In addition, plaintiff incurred expenses in seeking other employment.

   b. Plaintiff suffered damage to her pension or retirement benefits.

   c. Plaintiff suffered mental anguish and emotional depression, anxiety, personal humiliation and shame.

   d. Plaintiff suffered physical illness in the form of depression, lack of appetite, and chronic irritability.

## H. Attorney Fees

Plaintiff is entitled to an award of attorney fees and costs under Title VII, 42 U.S.C. §2000e-5(k).

## I. Prayer

14.     For these reasons, plaintiff asks for judgment against defendant for the following:

    a.     Reinstatement.

    b.     Attorney fees and costs.

    c.     Economic and noneconomic relief.

    d.     All other relief the court deems appropriate.

    Respectfully submitted,

By: /S/ LW
Larry Watts
SBN 20981000, 7092
P. O. Box 2214
Missouri City, Texas 77459
Telephone: (281) 431-1500
Facsimile: (281) 431-1298
E-mail: WattsTrial@gmail.com

ATTORNEY IN CHARGE FOR
Plaintiff, Edith Palos