IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EDITH PALOS, | § | |
|     *Plaintiff*, | § | Civ. Action No. 4:09-cv-02798 |
| | § | |
| v. | § | |
| | § | |
| UNIVERSITY OF TEXAS HEALTH | § | |
| SCIENCE CENTER AT HOUSTON, | § | |
|     *Defendant*. | § | |
| | § | |

_____

**JOINT DISCOVERY / CASE MANAGEMENT PLAN UNDER
RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE**
_____

1. State when the conference of the parties required by Rule 26(f) was held, and identify the counsel who represented each party.

   **Darren G. Gibson, counsel for Defendant, and Larry Watts, counsel for Plaintiff, conducted the Rule 26(f) conference by telephone at 4:00 p.m. on January 22, 2010.**

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

   *Lara v. University of Texas Health Science Center at Houston*, **Civ. A. No. 4:08-CV-03530, Southern District of Texas.**

3. Briefly describe what this case is about.

   **Plaintiff claims she was discriminated against based on her sex, race and disability as a result of a hostile work environment and in Defendant's termination of her employment. Plaintiff also claims she was retaliated against for taking leave under the Family Medical Leave Act and for opposing unlawful employment practices.**

4. Specify the allegation of federal jurisdiction.

   **Jurisdiction is based upon the federal question related to Plaintiff's cause of action under Title VII of the Civil Rights Act of 1964, 42 USC § 2000e,** *et seq*.

5. Name the parties who disagree and the reasons.

**None.**

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

    **None.**

7. List anticipated interventions.

    **None.**

8. Describe class-action issues.

    **None.**

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

    **The parties shall make their initial disclosures by February 5, 2010 (within 14 days of their Rule 26(f) conference), as required by Rule 26(a)(1)(C).**

10. Describe the proposed agreed discovery plan, including:

    A.  Responses to all the matters raised in Rule 26(f).

        **None required.**

    B.  When and to whom the plaintiff anticipates it may send interrogatories.

        **Plaintiff will send Interrogatories to Defendant on or before March 1, 2010.**

    C.  When and to whom the defendant anticipates it may send interrogatories.

        **Defendant will send Interrogatories to Plaintiff on or before March 22, 2010.**

    D.  Of whom and by when the plaintiff anticipates taking oral depositions.

        **Plaintiff intends to depose Sherry Wilson, Jeff Dibble and Linda Gillespie, and James Mena by June 1, 2010. Plaintiff also may depose additional fact witnesses identified by Defendant, and intends to do so within 90 days after they are disclosed.**

    E.  Of whom and by when the defendant anticipates taking oral depositions.

        **Defendant intends to depose Plaintiff by May 3, 2010.  Defendant also may depose additional fact witnesses identified by Plaintiff, and intends to do so within 90 days after they are disclosed.**

    F.    When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

        **Plaintiff shall designate experts and provide reports required by Rule 26(a)(2)(B) by July 19, 2010.  Defendant will designate experts and provide their reports within thirty days after Plaintiff's designation is filed.**

    G.    List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

        **Plaintiff intends to depose experts designated by Defendant within thirty days of the Defendant's designation and tender of reports.**

    H.    List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

        **Defendant intends to depose experts designated by Plaintiff within thirty days of the Plaintiff's designation and tender of reports.**

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

    **None.**

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

    **None.**

13. State the date the planned discovery can reasonably be completed.

    **September 30, 2010.**

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    **Prompt settlement is unlikely.**

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

    **None.**

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.

    **Mediation is an acceptable mode of ADR.**

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    **The parties do not agree to a Magistrate.**

18. State whether a jury demand has been made and if it was made on time.

    **No jury demand has been made.**

19. Specify the number of hours it will take to present the evidence in this case.

    **At this early juncture, the Parties anticipate that twenty (20) hours of direct and cross examination may be needed to present its case.**

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    **None.**

21. List other motions pending.

    **None.**

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    **None.**

23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

    **Defendant filed its Certificate of Interested Parties on January 4, 2010. Plaintiff has not filed a Certificate of Interested Parties.**

24. List the names, bar numbers, addresses, and telephone numbers of *all* counsel.

<table>
<tr><td>

Larry Watts  
F.I.D. 7092  
Texas Bar No. 20981000  
P. O. Box 2214  
Missouri City, Texas 77459  
(281) 431-1500  
(281) 431-1298  
*Attorney for Plaintiff*

</td><td>

Darren G. Gibson  
Assistant Attorney General  
Texas Bar No. 24068846  
Southern District No. 1041236  
P. O. Box 12548  
Austin, Texas 78711-2548  
(512) 463-2120  
(512) 320-0667 FAX  
*Attorney for Defendant*

</td></tr>
</table>

Dated:  February 01, 2010

Respectfully submitted,

<table>
<tr><td>

/s/ Larry Watts (by permission)_____  
LARRY WATTS  
Watts & Associates, P.C.  
F.I.D. 7092  
Texas Bar No. 20981000  
P. O. Box 2214  
Missouri City, Texas 77459  
(281) 431-1500  
(281) 431-1298  

**ATTORNEY FOR PLAINTIFF**

</td><td>

GREG ABBOTT  
Attorney General of Texas

C. ANDREW WEBER  
First Assistant Attorney General

DAVID S. MORALES  
Deputy Attorney General for Civil Litigation

ROBERT B. O'KEEFE  
Chief, General Litigation Division

/s/ Darren G. Gibson_____  
DARREN G. GIBSON  
Attorney-In-Charge  
Texas Bar No. 24068846  
Southern District No. 1041236  
Assistant Attorneys General  
General Litigation Division  
P.O. Box 12548, Capitol Station  
Austin, Texas 78711-2548  
(512) 463-2120  
(512) 320-0667 FAX

**ATTORNEYS FOR DEFENDANT**

</td></tr>
</table>

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of Defendant's *Joint Discovery / Case Management Plan Under Rule 26(f) Federal Rules of Civil Procedure* was served via the *CM/ECF system* on February 1, 2010, to:

Larry Watts
Watts & Associates, P.C.
P.O. Box 2214
Missouri City, Texas 77459
*Attorney for Plaintiff*

                                    __/s/ Darren G. Gibson_____
                                    **DARREN G. GIBSON**
                                    Assistant Attorney General