IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EDITH PALOS, | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | C.A. NO. 4:09-CV-02798 |
| | § | |
| UNIVERSITY OF TEXAS HEALTH | § | |
| SCIENCE CENTER HOUSTON, | § | TRIAL BY JURY DEMANDED |
| *Defendant* | § | |

## PLAINTIFF'S UNOPPOSED MOTION TO CONTINUE ALL DEADLINES AND AMEND THE DOCKET CONTROL ORDER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, Edith Palos, and makes this her unopposed motion to continue all remaining deadlines and amend the docket control order; and for cause would show the following:

1. The following deadlines remain in this case, per the Docket Control Order signed on February 9, 2010:

   a. September 30, 2010, the discovery period ends;

   b. September 30, 2010, dispositive motions are due; and

   c. December 6, 2010, docket call at 11:30 a.m.

1

2. At this time, there is a motion pending before the Court for the withdrawal of Attorney Larry Watts as Counsel for Plaintiff ("Watts' Motion to Withdraw"), which has been set for hearing.

3. More time is needed following the ruling on Watts' Motion to Withdraw for Plaintiff to hire new counsel.

4. Further, both parties in this lawsuit have not completed depositions, and Plaintiff has not completed written discovery. Plaintiff needs to depose several witnesses, and Defendant needs to complete the deposition of Plaintiff and depose Plaintiff's physicians.

5. Plaintiff's and Defendant's counsel were cooperating and attempting to schedule the necessary depositions; however, Plaintiff decided on August 31, 2010 to discharge her attorney, which caused all previously scheduled and noticed/subpoenaed depositions to be postponed indefinitely until Watts' Motion to Withdraw has been ruled on and Plaintiff has found new counsel.

6. An extension of deadlines is necessary in order that Plaintiff can hire new counsel, both parties have enough time complete depositions, and Plaintiff has time to serve, and receive responses to, written discovery before the expiration of the discovery deadline.

7. Defendant's counsel does not oppose a continuance of all deadlines for 60 days, conditioned upon a dispositive motion deadline of 14 days after the close of the discovery period.

8. WHEREFORE, Plaintiff prays that all remaining deadlines in this lawsuit be continued and the attached proposed amended scheduling order be granted.

    Respectfully submitted,

    WATTS & ASSOCIATES,

    /S/ LW
    Larry Watts
    Texas Bar No. 20981000; FID 7092
    P.O. Box 2214
    Missouri City, Texas 77459
    Telephone: (281) 431-1500
    Facsimile: (281) 431-1298
    E-mail: wattstrial@gmail.com

    *Attorney for Plaintiff*

## **CERTIFICATE OF CONFERENCE**

I, Larry Watts, certify that I conferred with opposing counsel, Darren Gibson, via e-mail on August 30, 2010.  Mr. Gibson stated that he does not oppose a 60-day continuance if the proposed scheduling order includes a dispositive motion deadline of 14 days after the end of discovery.

/S/ LW
Larry Watts

## **CERTIFICATE OF SERVICE**

I, Larry Watts, certify that a true and correct copy of this document has been served on opposing counsel via electronic filing with the clerk's CM/ECF system on this the 13th of September, 2010.

/S/ LW
Larry Watts